```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                       NASHVILLE DIVISION
```

GARY CLINE, *et al.*,            )
                                 )
    Plaintiffs           )
                                 )          No. 3:15-0275
v.                               )          Judge Trauger/Brown
                                 )          **Jury Demand**
PUBLIX SUPER MARKETS, INC.,      )
*et al.*,                        )
                                 )
    Defendants           )

## **O R D E R**

A telephone conference was held with the parties on January 26, 2016, concerning a discovery dispute that was referred to me for resolution by Judge Trauger.

The complaint alleges fault on behalf of the Defendant in selling a cookie to the young child who subsequently died because of a severe reaction to a tree nut in a chocolate chew cookie. The Plaintiff alleges that an employee of the store assured the child's mother that there were no nut products in the cookie. The Defendants have denied liability and the testimony and credibility of the employee will be a key factor in the case.

The Plaintiff has been provided a brief statement the employee gave the store manager shortly after the incident. Apparently, after it was learned the child died, the Defendant employed outside counsel to conduct an investigation of the matter and the outside attorney interviewed the employee and submitted handwritten questions to her to which she provided handwritten answers. The questions and answers were then submitted by the

outside attorney to the Defendant as part of their investigation of the matter. The documents were clearly marked attorney/client materials.

During discussion of the matter the Defendant cited the case of *Upjohn Co. v. United States*, 101 S. Ct. 677 (1981) that points out the extraordinarily strong showing of need before an attorney's notes must be produced. The statement in question in this case is not an attorney's summary, which would be entitled to the strongest protection, but rather they are the written questions and answers of the employee. Federal Rules of Civil Procedure 26(b)(3)(A)(ii) provides for disclosure where a party can show a substantial need for the material to prepare its case and cannot without undue hardship obtain a substantial equivalent by other means. The section goes on in Rule 26(b)(3)(B) to provide that if the court orders discovery of these materials it must protect against disclosure of the mental impressions, conclusions, opinions or legal theories of a party's attorney or other representatives concerning the litigation. Rule 26(b)(3)(C) provides that any party or other persons may on request, without a showing of need, obtain that person's own previous statement about the action or its subject matter. In this case the employee has apparently not requested a copy of her statement, which under the Rules, she could do.

Plaintiff's counsel has not at this point interviewed the witness and is therefore unable to make a showing that the witness

will not be willing to request a copy of her statement under Rule 26, will be hostile, or will profess a lack of memory concerning this event.

The Magistrate Judge is therefore unwilling to direct that the Defendant provide the statement at this point. The Defendant is **DIRECTED** to provide the document to the Magistrate Judge, under seal, for potential *in camera* inspection. The Magistrate Judge will inspect the document if, during the course of the deposition, the Plaintiff can make the required strong showing of the particular need for this statement.

The parties may contact the Magistrate Judge by telephone during the course of the deposition should Plaintiff's counsel believe he has the ability to make such a showing.

The parties' attention is also called to the cases of *Trustees, Plumbers, and Steamfitters Local Union No. 43 Health and Welfare Fund v. Crawford*, 573 F. Supp. 2d, 1023 (E.D. Tenn. 2008); *Howard v. Fowler Bros., Inc.*, 2011 WL 3438407 (W.D. Ky August 5, 2011); Coble v. Value City Furniture, 2008 WL 114937 (W.D. Ky Jan. 10, 2008) for such light as they may shed on this issue.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge